# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| Brendan Murphy, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Commercial Recovery Systems, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Brendan Murphy, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11001, et seq. ("MFDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Maine pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Maine.

## PARTIES

4. The Plaintiff, Brendan Murphy ("Plaintiff"), is an adult individual residing in Cumberland Foreside, Maine, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commercial Recovery Systems, Inc. ("Commercial"), is a Texas

business entity with an address of 8035 RL Thornton Fwy., Suite 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Commercial and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Commercial at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Alleged Debt

8. Plaintiff is a consumer allegedly obligated or claimed to be related to a financial obligation in an unknown amount (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Commercial Engages in Harassment and Abusive Tactics

### FACTS

12. Within the past year, Defendants contacted Plaintiff using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

2

13. Defendants placed Robocalls to Plaintiff's residential telephone, at least once and as many as three times per week, in an attempt to collect a debt.

14. Plaintiff has called back Defendants and spoken with them numerous times to inform Defendants that they have the wrong telephone number, that Plaintiff does not know of any person named "Jonathan Kaplan," and to take Plaintiff's residential telephone number off their call list.

15. On one occasion, Defendants responded that Plaintiff was lying and that it was a crime to withhold information if he knew where Jonathan Kaplan was residing.

16. Plaintiff took Defendants' response as harassing and demoralizing by insinuating that Plaintiff is a liar and has committed a crime.

17. Plaintiff was shocked and anxious to hear that he was being accused of a crime.

18. Plaintiff never provided his residential telephone number to Defendants.

19. Plaintiff never provided any express consent to Defendants to be called on his residential telephone number.

20. Despite such information, Defendants continued to place Robocalls to Plaintiff.

21. Despite plaintiff's repeated requests to stop calling him about this matter the defendants continued to call him.

22. Furthermore, upon information and belief, the Defendant's conducted the business of a debt collector in the State of Maine without a valid license, as their license is currently expired.

C. **Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt. This allegation is supported by the fact that the defendants called the plaintiff numerous times after being instructed not to call him due to the fact that they were calling the wrong number. Through their telephone communications the defendants learned that they were calling the wrong number and that they would never locate the intended debtor at the plaintiff's number, yet the defendants continued to call the plaintiff anyway.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass. This allegation is supported by the fact that the defendants called the plaintiff numerous times after being instructed not to call him due to the fact that they were calling the wrong number. Through their telephone communications the defendants learned that they were calling the wrong number and that they would never locate the intended debtor at the

plaintiff's number, yet the defendants continued to call the plaintiff anyway. The defendants know that the natural consequence of continual telephone calls to the wrong person is that the person being called will experience discomfort and will feel annoyed. The willful continuation of the calls to the plaintiff with knowledge that the true debtor will not be reached on that phone number is indicative of the intent to harass the plaintiff so that the plaintiff will eventually produce the desired debtor, which is impossible for the plaintiff.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that the Plaintiff had committed a crime, thus causing the plaintiff to suffer disgrace, stress and anxiety.

30. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt by repeatedly insinuating that the plaintiff is hiding the true debtor, and by threatening criminal consequences.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MFDCPA - 32 M.R.S.A. § 11001, et seq.

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

34. The Plaintiff is a "consumer" as the term is defined by 32 M.R.S.A. § 11002(3).

35. The Plaintiff incurred a "debt" as the term is defined by 32 M.R.S.A. § 11002(5).

36. The Defendants are a "debt collector" as the term is defined by 32 M.R.S.A. § 11002(6).

37. The Defendants' conduct violated 32 M.R.S.A. § 11013(1)(E) in that Defendants

caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

38. The Defendants' conduct violated 32 M.R.S.A. § 11013(1)(F) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

39. The Defendants' conduct violated 32 M.R.S.A. § 11013(2)(G) in that Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

40. The Defendants' conduct violated 32 M.R.S.A. § 11031 in that Defendants conducted the business of a debt collector in the State of Maine without a valid license.

41. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the MFDCPA, including every one of the above-cited provisions.

42. The Plaintiff is entitled to damages as a result of Defendants' violations

## COUNT III
## VIOLATIONS OF MAINE'S UNFAIR TRADE PRACTICES ACT, 5 M.R.S.A. § 205-A, et seq.

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

44. The Plaintiff is a "person" 5 M.R.S.A § 206(1).

45. The Debt arose from the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value, and meets the definition of a "trade" and "commerce" under 5 M.R.S.A § 206(3).

46. The Defendants' conduct violated M.R.S.A § 207 in that Defendants engaged in unfair or deceptive acts or practices in their attempt to collect the Debt.

47. The Plaintiff is entitled to damages as a result of Defendants' violations.

6

## COUNT IV
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

48. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

50. The foregoing acts and omissions of the Defendants constitute a violation of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

51. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA and MFDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1) and 32 M.R.S.A. § 11054(1)(A);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and 32 M.R.S.A. § 11031(1)(B);

3. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), 32 M.R.S.A. § 11031(1)(D) and 5 M.R.S.A. § 213(2);

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 9, 2012

                                                                              Respectfully submitted,

                                                                              By ___/s/ Edwinna Vanderzanden___

                                                                              Edwinna Vanderzanden, Esq.
                                                                              Maine Bar # 002910
                                                                              Evanderzanden@gss-lawyers.com
                                                                              Getman, Schulthess & Steere, P.A.
                                                                              1838 Elm Street
                                                                              Manchester, NH  03104
                                                                              (603) 634-4300

                                                                              **Of Counsel to**
                                                                              Lemberg & Associates, LLC
                                                                             1100 Summer Street
                                                                             Stamford, CT 06905
                                                                             (203) 653-2250